**Mary Nell WYATT, individually and as executrix of the Estate of Ronald E. Wyatt, et al., Plaintiffs–Appellees**

v.

**SYRIAN ARAB REPUBLIC, Defendant–Appellant**

**Kurdistan Workers Party, also known as Hsk, also known as Halu Mesru Savunma Kuvveti, also known as Peoples Defense Force, also known as Kurdistan Freedom And Democracy Congress, also known as Partiya Karkeran Kurdistan, also known as Kadek, also known as PKK, Defendant–Appellee.**

**Nos. 13–7007, 13–7018.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 30, 2014.

Robert Joseph Tolchin, The Berkman Law Office, LLC, Brooklyn, NY, Meir

Katz, Baltimore, MD, for Plaintiffs–Appellees.

Ramsey Clark, Lawrence W. Schilling, Law Offices of Ramsey Clark, New York, NY, for Defendant–Appellant.

Before: HENDERSON, Circuit Judge, and EDWARDS and SENTELLE, Senior Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed for the reasons stated in the attached memorandum.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc.* See Fed R.App. P. 41(b); D.C.Cir. R. 41.

### *MEMORANDUM*

Marvin Wilson and Ronald Wyatt were taken prisoner against their will for approximately three weeks and mistreated by terrorists in Turkey in 1991. Wilson and the Estate of Wyatt (since deceased) brought this action against, *inter alia,* the Syrian Arab Republic, alleging that Syria was a state sponsor of the acts of terrorism underlying this proceeding. Syria appeared in the district court proceeding only for the purpose of filing a motion to

dismiss for lack of jurisdiction, which the district court denied. Syria appealed this denial of its motion. We summarily affirmed, holding that the district court properly exercised jurisdiction under 28 U.S.C. § 1605(a)(7). The plaintiffs voluntarily dismissed the original action, but proceeded in the present successor action. Syria never filed an answer, and the case proceeded to trial in the district court.

After hearing evidence, the district court entered judgment in the amount of $5 million to each plaintiff for actual damages, as well as $300 million in punitive damages. In its final order and judgment, the district court ordered plaintiffs (cross-appellants herein) to "at their own cost and consistent with the requirements of 28 U.S.C. § 1608(e), send a copy of this Order and Judgment, and the Memorandum Opinion issued this date, to defendants." Defendant Syrian Arab Republic appeals from the judgment awarding punitive damages. Plaintiffs appeal from the order requiring them to comply with 28 U.S.C. § 1608(e).

Neither the appeal nor the cross-appeal warrant a published opinion. As to Syria's punitive damages award, we are "mindful of 'the general rule ... that a federal appellate court does not consider an issue not passed upon below.'" *Bowie v. Maddox*, 642 F.3d 1122, 1131 (D.C.Cir.2011) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976)) (deletion in *Bowie*). Syria has shown us nothing to take the present controversy outside the general rule. Syria did not afford the district court an opportunity to pass on this question, and of course, it did not. Neither shall we.

Moreover, we note that Syria's proffered issue is fact-intense. Were we to consider the question, we could hardly conclude that the district court awarded damages unsupported by the evidence when we do not have the evidence before us. Fed. R.App. P. 10(b)(2) provides that

> [i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion.

Syria did not comply with this rule. Once again, if Syria identified any error, it has forfeited the right to have us pass on the allegation of error not only by not raising it below, but by not furnishing us with the record evidence in support of its arguments, as required by the rules.

Cross-appellants' argument requires little more thought. 28 U.S.C. § 1608(e) is a clear and unambiguous statute. By its terms it requires that "[a] copy of any such default judgment [against a foreign state] shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section." That section mandates precisely what the district court ordered. Cross-appellants argue that the purposes of the statute have been accomplished by other means. The statutory language, however, admits of no such exception.

Appellants having forfeited their right to have us pass on the one issue they raise, and cross-appellants having identified no error by the district judge, we will affirm the judgment and order of the district court.

While cross-appellants have prevailed on the substance of the appeal, we note with regret an impropriety on the part of their counsel. Their counsel filed what can only be described as a frivolous "notice of waiver of reply." The filing consisted of six lines of doggerel—silly and unprofessional at the least. While we do not fault counsel or their clients for filing no reply, none

18

having been necessary, we do not countenance frivolous filings with this court.

For the reasons set forth above, the judgment and order of the district court are

*Affirmed.*